KS/SD: USAO# 2023R00103


USDC-BALTIMORE
'23 SEP 19 PM 2:54

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JALEN THOMAS KELLEY,<br><br>Defendant. | CRIMINAL NO. JRR-23-0327<br><br>(Aggravated Sexual Abuse, 18 U.S.C. §§ 2241(a)(1), 3238 and 7; Sexual Abuse, 18 U.S.C. §§ 2242(3), 2328 and 7; Assault within Territorial Jurisdiction, 18 U.S.C. §§ 113(a)(1), 3238 and 7; Forfeiture, 18 U.S.C. §§ 1467, 2253, and 2428) |

## INDICTMENT

### COUNT ONE
(Aggravated Sexual Abuse)

The Grand Jury for the District of Maryland charges that:

Between on or about January 1, 2023 and January 2, 2023, in the special maritime and territorial jurisdiction of the United States, the defendant,

**JALEN THOMAS KELLEY,**

a resident of the District of Maryland, did knowingly cause Victim 1 to engage in a sexual act by the use of force, that is, contact between the penis and the vulva, by pushing Victim 1 on the bed and holding Victim 1 down, said contact having occurred during a voyage on board the cruise vessel Carnival Legend, which had a scheduled departure from and an arrival in Baltimore, Maryland.

18 U.S.C. § 2241(a)(1), 7

## COUNT TWO
(Sexual Abuse)

The Grand Jury for the District of Maryland further charges that:

Between on or about January 1, 2023 and January 2, 2023, in the special maritime and territorial jurisdiction of the United States, the defendant,

**JALEN THOMAS KELLEY,**

a resident of the District of Maryland, did knowingly engage in a sexual act with Victim 1 without Victim 1's consent, that is, contact between the penis and the vulva, said sexual act having occurred during a voyage on board the cruise vessel Carnival Legend, which had a scheduled departure from and an arrival in Baltimore, Maryland.

18 U.S.C. §§ 2242(3), 7

## COUNT THREE
(Assault within Territorial Jurisdiction)

The Grand Jury for the District of Maryland further charges that:

Between on or about January 1, 2023 and January 2, 2023, in the special maritime and territorial jurisdiction of the United States, the defendant,

**JALEN THOMAS KELLEY,**

a resident of the District of Maryland, did assault of Victim 1 with intent to commit aggravated sexual abuse and sexual abuse, that is, during a voyage on board the cruise vessel Carnival Legend, which had a scheduled departure from and an arrival in Baltimore, Maryland.

18 U.S.C. §§ 113(a)(1) and (7)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 2253, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction under Counts One or Two of this Indictment.

### Child Exploitation Forfeiture

2. Upon conviction of the offenses alleged in Counts One or Two of this Indictment, the defendant,

**JALEN THOMAS KELLEY,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 2253(a):

a. any visual depiction described in Title 18, United States Code, Sections, 2251, 2251A, 2252, or 2252A, 2252B, or 2260 or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, received or possessed in violation of Title 18, United States Code, Chapter 110;

b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

### Substitute Assets

3. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

4

  c.  has been placed beyond the jurisdiction of the Court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property that cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).

18 U.S.C. § 2253
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

_____
Erek L. Barron
United States Attorney

**SIGNATURE REDACTED**
Foreperson

Date: August ___, 2023